Tilghman C. J.
(After stating the case.) It does not appear that the defendants received notice from the plaintiff of the proceedings on Power’s judgment; consequently they are at liberty to shew, in this action, that the plaintiff might have defended himself against that judgment. The defendants have made two points; 1. that Power’s judgment, being sub *13 sequent to the articles of agreement for sale of the land to the plaintiff, was not a lien on that land. 2. That the plaintiff had a right-to apply the whole purchase money to the payment of the liens existing at the time of the articles, and the whole purchase money being thus applied, the land was discharged from all subsequent judgments. I shall give no opinion on the first point, because the second is sufficiently clear, and is decisive in favour of the defendants. If Power’s judgment had any lien on the'land púrchased by the plaintiff, it could only operate on the interest of the Fosters, such as it was at the time of the judgment. Now what was this interest ? It was no more, at most, than a right to retain the legal estate until the terms of the articles were complied with. It cannot be pretended that the judgment could defeat the articles., Its utmost effect would be to operate as notice to the plaintiff not to pay the purchase money to the vendor* but to the judgment creditor. But this judgment of Power’s must, at all events, be postponed to prior judgments. T.he plaintiff had a right, then, and it was his duty, to apply his payments to the discharge of the prior judgments which were known both to plaintiff and defendants} because it was the intention of both parties, when the articles were executed, that they should be so applied. And having applied the whole purchase money in this manner, neither the Fosters nor any persons who obtained judgment against them, subsequent td the articles, could withhold the legal estate from the plaintiff: although it would still remain bound by judgments entered prior to the articles. It appears clearly, then, that the plaintiff might have defended himself against the judgment of Power; and not having done so, nor called upon the. defendants to do it for him., the present action, for the recovery of damages sustained' by that judgment, is not maintainable. I desire it may be distinctly understood,'that no. opinion is intimated concerning the general effect of a judgment against the vendor, subsequent to articles of agreement for sales of land. It is a point.of very great importance, on which much property depends The present case is decided on its own circumstances. The judgment is to be reversed. .
Yates J., absent.
Brackenridge J. concurred.
Judgment reversed.