EMILY COOK, Respondent, *v.* MARTIN KRAFT and others, Appellants.

(GENERAL TERM, FIRST DEPARTMENT, FEBRUARY, 1871.)

The purchaser of land, or of a lease, subject to the lien of a judgment, cannot claim improvements subsequently made by him, although without actual knowledge of the judgment, to be exempt from the lien thereof.

The principle upon which an equitable lien is allowed priority over a judgment upon land, is, it seems, that the lien existed prior to the docketing of the judgment.

It seems, that equity might enforce over a judgment upon the lessee's interest, a priority for the payment of moneys to preserve the lease from forfeiture, where the lessee was not bound to make the payment, and it preserved the security for the judgment creditor.

THIS was an appeal by the defendants from a judgment against them at Special Term.

The plaintiff claimed to have certain judgments adjudged to be subsequent liens to her claims in equity against the premises described in the complaint. The findings of fact were to the effect that the defendant Banker recovered judgment, February 3, 1863, against the defendant Martin Kraft,

which was docketed that day in New York county clerk's office; and that on the 18th June, 1863, the defendant Reeve also recovered, and docketed in the same office, a judgment against Kraft.

That, on the 1st May, 1867, Kraft took a lease of premises in New York city for nineteen years, which was the same day duly recorded.

That, from and after the time of obtaining the lease, Kraft borrowed the sum of $2,000 from David Klauber, to enable him, Kraft, to make improvements on the premises, and to erect an additional building thereon, and the $2,000 was expended in and toward making such improvements and erecting such building; that on the 8th day of July, 1867, Kraft, for the purpose of securing the $2,000, borrowed and expended by him as aforesaid, and the interest thereon, executed and delivered to Klauber a mortgage upon the leased premises for that sum and interest, payable January 1, 1868, and recorded in the register's office, &c.

That, on the 15th day of August, 1867, Kraft, also for the purpose of securing the payment of the sum of $1,800 and interest, due to George Herdtfelder and Robert Fincke, masons and builders, for work done and materials furnished in and toward erecting the additional building, and making improvements on said premises, executed another mortgage on the leasehold premises to said Herdtfelder and Fincke, dated on the 15th day of August, 1867, also duly recorded. That, on the 23d day of January, 1868, Kraft, also for the purpose of securing the sum of $1,000, with interest which he had borrowed of one Charles Kreuder, and the whole of which sum of money Kraft paid and expended in and toward making said improvements and finishing the same, also executed another mortgage on the leased premises, which mortgage was dated January 23, 1868, and payable June 1, 1868, and was also duly recorded.

That the mortgage to Klauber was, on the 28th day of February, 1868, duly assigned to Max Lewy, which assignment was recorded, &c. That Lewy, afterward, and on the 28th day

of May, 1868, for the full consideration thereof, assigned the mortgage to the plaintiff, who thereupon became the lawful owner thereof. That the mortgage to Herdtfelder and Fincke was paid by the plaintiff at the time she purchased the lease of the premises as hereinafter stated, which mortgage, at the time of such payment, had for a long time prior thereto been due and payable. That, at the time of such purchase, said plaintiff also assumed the payment of the mortgage to Charles Kreuder, which mortgage she has since fully paid.

That, on the 27th day of February, 1868, Kraft assigned the lease to Klauber, which assignment was duly recorded. That said lease was afterward, on the 15th day of February, 1869, duly assigned to the plaintiff, which assignment was duly recorded.

That the said premises were improved by said Kraft, by the erection of an additional new building; and that such building was erected, completed and finished with the moneys loaned and advanced by said Klauber and Krueder, and credit given by said Herdtfelder and Fincke, and which moneys and credit were secured by the several mortgages before described. That, before such improvement by the erection of said building, said lease was wholly worthless, and would have remained so ever since, and that such lease only became of value by reason of the erection of the building in the manner before stated.

That the plaintiff had no knowledge of the existence of the judgments of the defendants Banker and Reeves, or of either of them, until some time after she had purchased the mortgage and lease, and expended the money in and about the leasehold premises as aforesaid, and that she paid and expended the moneys in ignorance of the existence of the judgments.

And the court found and decided, as questions of law, that the lien and rights acquired by the plaintiff, as aforesaid, were prior and superior to the lien and rights acquired by said defendants Banker and Reeve, under their said respective judgments.

Cook v. Kraft.

That the plaintiff was entitled to judgment in her favor; that the judgments in favor of Isaac Banker and Wickham C. Reeve be declared and adjudged subsequent liens to the claim and right which the plaintiff acquired as aforesaid; that the said leasehold premises be sold, and out of the proceeds of such sale said plaintiff be paid, &c.

The defendants duly excepted to the several findings of law, and appealed.

*D. M. Porter,* for the appellants.

*Peter Cook,* for the respondent.

Present — INGRAHAM, P. J., and CARDOZO, J.

By the Court — INGRAHAM, P. J.   The case of *Tallman* v. *Farley* (1 Barb. S. C., 280) is not a case similar to the present. In that case the deed of the lots was left in escrow, under an agreement that the purchaser should go on and erect buildings thereon, and, when money sufficient had been expended on the building to secure the consideration money for the land and the amount of money advanced by the seller, the deed was to be delivered and a mortgage executed for the whole.

The judgments claimed in the case were recovered prior to delivering the deed, and the judgment creditor sought to be preferred over the mortgage; and the court held that the mortgage constituted an equitable lien, entitled to preference over the judgment.   It was there said, that the judgment creditor is entitled to all that the debtor had in the property at the time of the recovery of the judgment.   They can take all that belonged to the creditor and no more.   Part of the consideration of the mortgage, in that case, was the consideration money for the land, which is always entitled to priority over a prior judgment.

The correct rule is given by the chancellor, in *Kinsted* v. *Avery* (4 Paige, 9), when he says: " A judgment, being a general lien on the land of the debtor, is subject to every

equity which existed against the land in the hands of the judgment debtor *at the time of docketing of the judgment.*" So, in *The Matter of Howe* (1 Paige, 125), it was held, that judgment creditors had no preference over prior equitable claims, but were limited to the estate as it existed at the time of recovering the judgment. An equitable mortgage, not recorded, was given priority over judgments docketed subject to the agreement for the mortgage.

So, when a defective mortgage was perfected after judgment recovered prior thereto, the court decreed a perpetual injunction against the judgment, unless the creditor would redeem the mortgage. (See, also, *Brown* v. *Brown*, 3 Ves., Jr., 576; *Finch* v. *Earl of Winchelsea*, 1 P. Wms., 282; *Foster* v. *Forrest*, 2 Serg. & Rawle, 11; *Burchard* v. *Phillips*, 11 Paige, 66.

In all the cases I find the principle to be the same, viz., that the equitable claim on land which existed prior to the recovery of the judgment is given a preference over judgments docketed afterward; but in no case is that preference given where the equitable right did not exist prior to the recovery of the judgment.

I know of no principle of equity by which a purchaser of real estate, or of a lease, which, at the time of the purchase, is subject to the lien of a judgment, can claim improvements subsequently made by him, although without knowledge of the judgment, to be exempt from the lien. The law supposes the party purchasing to know of the lien, and charges on him the consequences of such knowledge. If, when such a lien exists, he voluntarily expends money on the premises, the same becomes subject to the lien. Any other rule would actually destroy the lien of a judgment on real estate. The principle upon which equitable liens are allowed to have priority is, that the contract was made before the docketing of the judgment. After that date, the property, with any subsequent improvements, is subject to the lien.

Where something has been done by the assignee of a lease to preserve the lease from forfeiture, it may be that equity would enforce a priority for the payment of such claim over

a prior judgment. But such claim must be for some other cause than the ordinary rent and taxes of the premises. It must be something which the lessee was not bound by the lease to pay, and which has had the effect to preserve the security for the benefit of a judgment creditor. Such a claim would be the payment of an assessment which the lessee was bound to pay and did not, the payment of which prevented the termination of the lease by a sale.

The learned justice erred in holding that the moneys expended after the recovery of the judgment by the plaintiff were exempt from the lien of the judgment recovered prior thereto, and should be paid before such judgment.

Judgment should be reversed and a new trial granted, costs to abide event.

Judgment reversed.