Freeman, J.,
delivered the opinion of the Court.
The facts on which the questions for decision in this case are raised are as follows: William Martin and James Adams were administrators of the estate of Thomas Martin, deceased. William Martin and said Jas. Adams both died, and complainant, George W. Martin, was appointed administrator of said William, while the defendant, James B. Blakemore, was appointed the administrator of Adams. George W. Martin, as administrator of his father, the said William Martin, recovered, by decree of the Chancery Court at Dresden, the sum of $1,000 against said Blakemore, as administrator of Adams, at May Term, 1868, and also claims in his bill that, as such administrator, he has an un-liquidated claim against the estate of said Adams for about $10,000. This claim grows out of the following state of facts, as may be gathered from the record before us: The heirs and distributees of Thomas Martin filed a bill in the Chancery Court at Dresden, as we infer, before the year 1859, and certainly before *52 the death of William Martin, for an account, and to recover the distributive shares of said heirs. On taking said account, it appears the Chancellor gave a decree in favor of G. W. Martin in said cause for the sum of $1,000 against Blakemore as administrator of Adams; and also gave a joint decree against George W. Martin as administrator of William Martin, and said Blakemore as administrator of Adams, in favor of the other distributees, for a sum of near $10,000, •which last sum is alleged to have been paid by George W. Martin, administrator of William Martin, deceased, after the rendition of said decree in favor of the dis-tributees, to said distributees, at various times, about the first of the year 1870.
It seems that Adams had received the larger portion of the assets of the estate of Thomas Martin, and, as between himself and his co-administrator, ought to have paid the amount recovered by the distributees of Thomas Martin.
Thomas Martin now files his bill in the Chancery Court at Dresden, in September, 1869, asking that the administration of the estate of Adams, which had been suggested as insolvent by the administrator at November Term, 1860, of County Court, be transferred from the County Court, and that his decree of $1,000 and his unliquidated claim of about $10,000 be allowed against the estate of the said • Adams.
The administrator of Adams resists these claims, which were reported on favorably by the Master, on the ground that they were not filed within the time allowed by law in the County Court..
*53 The facts show that Blakemore was appointed administrator of Adams on first Monday in July, 1859, and suggested the insolvency of said estate, as stated at November Term of County Court, 1860.
The clerk allowed the $1,000 in his report to the Court, because, he says, the said claim was filed in County Court, March 1, 1869, less than two years after the decree for it was rendered.
The Clerk and Master also allowed the items that make up the sum of $10,000, or thereabouts, on the grounds that the claims were filed in two years after the rendition of the decrees in the Chancery Court, or after payment of them by Martin; and he further relied on the fact that the fund belonging to Adams’s estate was not distributed before the claims were filed.
The administrator of Adams filed exceptions to the report of the Clerk and Master. First, as to the allowance of the $1,000 decree, because not filed within the time required by law in County Court of Weakley County; and second, to the claims numbered 8, 9, 10, 11, 12, for the same reason, and, also, because as to Nos. 9, 10, 11, 12, only half of said claims should have been allowed, if any.
The Chancellor sustained the exception as to the $1,000 claim based on the decree, and disallowed said claim — but disallowed the exceptions filed as to the allowance of items making up the large sum of about $10;000.
From this decree both parties appealed.
The question is, whether these claims were barred by statute of limitations?
*54 The administration was granted July, 1859 — the suggestion of insolvency made, as we have stated, November, 1860. The claim or debt of the parties certainly existed at the time of the death of Adams, and although it was only finally adjudicated in the Chancery Court at May Term, 1868, still it was the same debt, its form being changed by the decree from a simple contract debt or legal liability, to one by .a judgment or decree.
On the suggestion of insolvency of the estate, it was the duty of the party to file his claim within the period fixed by law — that is, within two years and six months if a party resident in the State, and three years if out of the State.
We have held at this term, that those statutes are alike applicable to estates of insolvent as well as solvent deceased debtors: See P. M. Rogers, adm’r, v. E. Rogers and others. Manuscript.
As more than the period required by law had expired before the claim of one thousand dollars was filed, the Chancellor properly allowed the exception to this claim.
As to the items making up the larger sum, we hold they were equally barred. The decree had been rendered against Adams’ administrator, jointly with the administrator of Thomas Martin, that is, William Martin, and he and Adams were jointly liable to its discharge, as to the distributees of Thomas Martin.
That liability was as much a liability before the decree as afterwards, and before its payment by complainant as administrator of William Martin, and if he *55 neglected to file such claim till after the two years-expired, or waited the result of a long and tedious litigation before it should be filed, it was his own laches.
The administration of the insolvent estate can not be stayed to await the result of other litigations in order to ascertain by judgment or decree the precise amount of a liability (before the claim is filed) in another tribunal. The law makes ample provision for its ascertainment and adjudication in the insolvent proceedings, to which all the creditors are so far parties as that they are bound by the results of said proceedings. It is true that, by sec. 2333 of the Code, suits instituted before the suggestion of the insolvency of the estate may proceed to judgment or decree, which judgments or decrees are, on the evidence of such suggestion being presented to the Court, to be certified to the County Court before which the suggestion is made; but this in nowise militates against the other provisions of the law, which require all claims to be filed within two years in case of resident debtors.
This must be held to be the rule in all such cases, or else the pendency of a litigation in another court must, in many cases, indefinitely delay the settlement of insolvent estates.
If the estate exceeds one thousand dollars, a creditor can always have it administered in a Court of Chancery, and there, by sec. 2383 of Code, the Chancellor may enjoin the commencing or prosecuting all suits at law against the estate, at his discretion, and all suits in equity, except such as he shall direct to be tried separately.
*56 This section and tlie succeeding section, which authorizes the Chancellor to direct suits at law to be dismissed upon such terms as he shall deem just and equitable, when taken in connection with the whole scope and purpose of our laws for administration of insolvent estates, show conclusively, that it was the object of the Legislature, upon the suggestion of the insolvency of the estate, that all claims of every kind should be presented and adjudicated in the insolvent proceedings, and that the estate should be saved from the expense of separate suits for the adjudication of any claims, of whatever character, except where otherwise directed by the Chancellor.
The clerk gives as one reason for allowance of these claims, that they were filed before the appropriation and distribution of the fund — referring to the latter part of sec. 2330, as we suppose, which is, that “any claim not filed on or before the day fined, (that is, by the advertisement required by said section,) or before the final appropriation of the funds oí the estate is made, shall be forever barred both in law and equity.” ' This section is found alone. in the provision for administration of estates in County Court, and must be construed in connection with the general provisions of law with reference to the administration of estates, which contemplate they shall be settled up at the end of the period of two years, unless further time be given by County Court. It will be seen by sec. 2376, that it is expressly provided that “all creditors who shall fail to bring suits, for their demands, or to come in under these (insolvent) proceedings, and present their claims within *57 tbe time prescribed by law, shall be forever barred and prohibited from becoming parties to such proceedings.” This provision is found, it is true, in the chapter providing for administration of insolvent estates in Chancery Court, but all the provisions of the Code on this subject of' insolvent estates of deceased persons, being parts of an entire system, are to be construed as one statute, and taken together. The fact that the one judicature or the other is the tribunal wherein the estate is being administered, can have no influence on the construction of the various provisions of these, statutes.
Note. A rehearing was granted in this case as to the item of $10,000, and the case continued for re-argument on that point, but that does not affect the force of the decision. On the rehearing- at the April Term, 1872, the Court re-affirmed all the positions assumed in the foregoing opinion.
Fkebmajt, J., delivered the opinion of the majority of the Court, the JAS. of which is now before me. He says: “Upon the whole case, after reviewing the views expressed at last Term, we arrive at the conclusion that the result of that opinion was correct, and that the Chancellor erred in allowing these claims against the estate and overruling the exception taken by defendant to the report.”
*57 We therefore hold, that the .decree of the Chancellor disallowing the claim of the $1,0C0 decree was correct, and that he erred in allowing the other claims, making up the items of the alleged sum of about §10,000, or unliquidated debt, mentioned in the bill of complainants.
The decree will be reversed and modified in accordance with this opinion; and complainant, George W. Martin, administrator, etc., and his sureties for appeal, will pay the costs of this Court and Court below, incident to these claims.
The case will be remanded to the Chancery Court at Dresden, the decree be given here only for the costs of this Court, the Chancellor to give decree for costs of Court below as herein directed.
Turney, J., said: “ I do not concur in the construction given to the statutes upon the suggestion of insolvency as to its operation, given by this opinion in barring debts, etc.”
It will be noticed that the Court, in the opinion, in speaking of the time of the statute, say: “ two years and six months in case of residents, and three years in case of non-residents, from date of grant of administration.” Is not the Court to be understood as meaning to say, the period for nonresidents is three years and six months within which to file their claims ?
REPORTER.