GLEAVES, Adm'r., etc., *v.* JAS. H. WILSON. *et als.*

INSOLVENT ESTATE. *Statute of Limitations.* The administrator of F. K. Zolicoffer filed his insolvent bill in February, 1865, to settle the estate in the Chancery Court of Davidson County. The usual injunction was granted against all parties bringing suits, and notice to all creditors to come in and file their claims, as required by law. In 1868, an amended bill was filed in the Chancery Court, at Murfreesboro, making the administrator party defendant, claiming that Gen. Zolicoffer had purchased certain slaves at a Chancery sale, and was liable for their value, and praying for judgment against the administrator for the amount due. The administrator answered and defended

Gleaves *v.* Wilson.

by stating that he had suggested the insolvency of the estate, etc., but the decree was rendered against the administrator.

*Held,* the decree in the Chancery Court at Murfreesboro can give the party obtaining it no possible advantage. It was obtained in violation of law, and the injunction forbidding such suit to be brought. The case must stand, so far as the heirs of Zolicoffer and creditors are concerned, as if no decree had been had, and the petition for its allowance in this case having been filed February 15, 1871, more than the period necessary to create the bar of the Statute, which commenced to run the 1st of January, 1867, the exception of the creditors should have been allowed, and the petition dismissed.

Cases cited: Martin, administrator, *v.* Blakemore, administrator, 5 Heisk. 56; Rogers, adm'r, *v.* E. Rogers, same Term.

---

### FROM DAVIDSON.

---

Appeal from the Chancery Court. S. D. FRIERSON, Chancellor.

T. W. TURLEY for Wilson.

W. F. COOPER for Gleaves.

FREEMAN, J., delivered the opinion of the Court.

The administrator of F. K. Zolicoffer filed his insolvent bill in February, 1865, to settle the estate in the Chancery Court of Davidson County.

The usual injunction was granted against all parties bringing suits, and notice to all creditors to come in and file their claims, as required by law.

In September, 1868, an amended bill was filed in the Chancery Court at Murfreesboro, making Morton B. Howell, who had succeeded Gleaves, and become *administrator de bonis non,* party defendant, claiming that

Gen. Zolicoffer had purchased certain slaves at a Chancery sale, ordered by that Court, and was liable for their price, and praying that judgment be rendered against said administrator, for the amount due. Howell filed an answer, stating the fact that he had suggested the insolvency of the estate, and a bill filed for its administration in the Chancery Court on the 27th of February, 1865, making other defences which need not be noticed here. However, notwithstanding these defences, it appears that in April, 1869, a decree was rendered in favor of Currin's heirs, in the case, against Howell, the administrator, for $2,450, and the parties were directed to file this decree in the insolvent case pending in the Chancery Court at Nashville, for *pro rata* distribution.

The decree seems to have been filed on the same day rendered, with the Clerk of the Chancery Court, to-wit: on the 29th of April, 1869—but the petition setting forth the claim, its nature and origin, and making the complainants in the decree parties to the suit, was not filed until February, 1871—and this must be held the commencement of the litigation, or the time of filing the claim for the purposes of this case, as no defence could be made against it by simply entering it on the list of claims by the Clerk and Master, when filed in his office.

However, be this as it may, the decree in the Chancery Court at Murfreesboro can give the party obtaining it no possible advantage. It was obtained in violation of law, and the injunction forbidding such

suit to be brought. The case must stand, so far as the heirs of Zolicoffer and creditors, as if no decree had been had, and the petition for its allowance in this case having been filed February 15, 1871, more than the period necessary to create the bar of the Statute, which commenced to run the 1st of January, 1867, the exception of the creditors should have been allowed, and the petition dismissed. See *Martin, administrator,* v. *Blakemore, administrator,* 5 Heisk., 56; *Rogers, adm'r,* v. *E. Rogers,* same Term.

The decree of the Chancellor is reversed, and the petition dismissed with costs of this and Court below.