A. W. HARRIS, Administrator, *vs.* DICEY VAUGHN and others.

October Term, 1875.

MORTGAGE OR TRUST SECURITY NOT AFFECTED BY BAR OF THE LEGAL REMEDY ON THE DEBT SECURED.—A judgment upon a note secured by mortgage or trust deed does not so merge the debt that a neglect by the creditor to revive the judgment against the personal representative of the debtor, or to proceed against the estate of the decedent within the time prescribed by law, will bar his right to enforce in equity the security of the trust deed.

*Thomas H. Malone*, for complainant.
*John Reid*, for defendant.

THE CHANCELLOR:—On demurrer. The case made by the bill is this: On the 7th of February, 1852, Edward Vaughn executed to John R. Wilson his note for $922.72, at twelve months, and on the same day conveyed a tract of land of sixty acres to J. W. Dabbs in trust to secure the payment of the note, with power of sale. John R. Wilson died—when, is not stated—and E. P. Wilson, his widow, qualified as executrix of his will, and, as such, on the 4th of June, 1865, recovered a judgment at law against Vaughn for $772.96, balance of debt due on the note, with costs. Vaughn afterwards died, in the year 1865, and John W. Allen became the administrator of his estate, suggested its insolvency, and, on the 7th of December, 1866, filed his bill and transferred the administration to this court. E. P. Wilson having died, no personal representative of John R. Wilson was brought or came before the court in the insolvent suit. Under that suit nothing was said about the trust conveyance to Dabbs, but the land included in that conveyance was sold on the 10th of October, 1872, as the property of the estate, and N. F. Hobson became the purchaser at the price of $1,710.20. Recently the present complainant, A. W. Harris, has been appointed and qualified as administrator *de bonis non* with the will annexed of John R. Wilson, and, on the 11th of June, 1875, filed this bill against the administrator and heirs of Vaughn, the heir

of Dabbs, and Hobson, the purchaser of the land under the sale in the insolvent suit. The object of the bill is, on the foregoing facts, to have the trust deed to Dabbs executed for the satisfaction of the debt secured, either by a re-sale of the land, or, if the former sale is valid, by applying the proceeds of the sale to the debt secured by the trust. The bill states facts, not necessary to be detailed, tending to show that the sale to Hobson was, as to Vaughn's children, either void or voidable.

Allen, the administrator of Vaughn, has demurred to the bill, on the ground that the complainant's claim is barred by the statute of limitations of two years and six months in favor of dead men's estates, and on the further ground that the judgment recovered by E. P. Wilson, as executrix of John R. Wilson, against Vaughn had never been revived against him as Vaughn's administrator.

The bill is not filed against the defendant Allen as administrator of Vaughn to revive the judgment, or to have satisfaction of the debt out of the assets of Vaughn's estate. Such a suit would be clearly barred by the statute of limitations of two years and six months. Code, §§ 2279, 2376, 2784; *Martin* v. *Blakemore*, 5 Heisk. 50; *Gleaves* v. *Wilson*, Sup. Ct. Tenn., December term, 1874. The object of the bill is to obtain the benefit of the trust deed, either by a sale of the property, or, if the sale in the insolvent suit should be held valid, by an appropriation of the proceeds of sale to the satisfaction of the debt secured by the trust deed. If the bill had been solely for the purpose of executing the trust, the personal representative of Vaughn, the demurrant, would not have been a necessary party. *High* v. *Batte*, 10 Yerg. 188; *Edwards* v. *Edwards*, 5 Heisk. 123; *Gary* v. *May*, 16 Ohio, 66. The reason is that, the bill being merely to foreclose the equity of redemption, the plaintiff need only make him a party who has that equity, viz., the heir. *Duncombe* v. *Hansley*, 3 P. W. 334, note; *Fell* v. *Browne*, 2 Bro. 279; *Bradshaw* v. *Outram*, 13 Ves. 234. It is only because the complainant

seeks, in the alternative aspect of his bill, the proceeds of the sale of the land made in the insolvent suit, that he makes the administrator a party at all. Whether he was a necessary party, even in that aspect of the bill, is a point not raised by the demurrer, and which need not be determined.

In this view the causes of demurrer are immaterial, since no relief is sought against the defendant as administrator, nor upon the judgment against the defendant's intestate. The causes of demurrer assigned do not reach the relief sought. The debt may be barred as to the administrator, and the judgment be a nullity, and yet the complainant's right be unquestionable to enforce the execution of the trust against the heir. *Bank of Metropolis* v. *Guttschlick*, 14 Pet. 19; *Snow* v. *Booth*, 8 De G. M. & G. 72; *Heyer* v. *Pruyn*, 7 Paige, 465; *Lingan* v. *Henderson*, 1 Bland, 282; *Hughes* v. *Edwards*, 9 Wheat. 494; *Barned* v. *Barned*, 6 C. E. Green, 245. The demurrer being to the whole bill, and not reaching the real equity, is too broad, and must be overruled.

The widow and heirs of Vaughn have filed another demurrer to the bill. The first cause of demurrer assigned is that the judgment recovered by John R. Wilson's executrix, on the note secured by the deed of trust, merged the debt in the judgment, and the judgment, never having been revived, is dead. The argument is that the administrator *de bonis non* of John R. Wilson could only enforce the lien of the trust deed by proceeding on the judgment. I do not so understand the law. The creditor, by the note or debt, acquired a right of action at law, and, by the mortgage or trust, acquired a lien for the security of his debt only enforceable in equity. In such cases the creditor may, contrary to the general rule, exercise both of these rights at the same time, and pursue his remedy at law on the note, and his remedy in equity on the mortgage, concurrently. *Chadwell* v. *Jones*, 1 Tenn. Ch. 496, and cases there cited. He may, also, after foreclosure by sale in equity, sue at

law for any unsatisfied balance of his debt. *Tooke* v. *Hart-ley*, 2 Bro. C. C. 125 ; *s. c.*, 2 Dick. 785 ; *Hatch* v. *White*, 2 Gall. 152 ; *Lansing* v. *Goelet*, 9 Cow. 346 ; *Hughes* v. *Edwards*, 9 Wheat. 489. Or he may sue at law in the first instance, and, after a sale of the equity of redemption by execution, where such sales are permissible, enforce his security under the deed for the balance. *Jackson* v. *Hull*, 10 Johns. 481 ; *McCall* v. *Lenox*, 9 Serg. & R. 307. Even if he has pursued his remedy at law to the taking of the body of the debtor in execution, which is a satisfaction of the legal demand (*Barnaby's Case*, 1 Stra. 653), it will not affect his interest in the land, and he may still enforce a foreclosure in equity. *Davis* v. *Battine*, 4 Russ. & M. 76. The judgment does not merge the equitable right, which is an interest in land to the extent of the debt secured, with interest, but not for the costs of the judgment at law. *Bank of Metropolis* v. *Guttschlick*, 14 Pet. 19, 32. And the better opinion is that a judgment in any case only merges the security or evidence of the debt, not the debt itself. *Dick & Co.* v. *Powell*, 2 Swan, 632 ; *Johnson* v. *Fitzhugh*, 3 Barb. Ch. 372 ; *Monroe* v. *Upton*, 50 N. Y. 593 ; *Stratton* v. *Perry*, 2 Tenn. Ch. The failure to revive the judgment, therefore, whatever may be its effect on the legal right, will not prejudice the equity under the trust. Nor, as we have seen, would the bar of the statute of limitations of the legal right. *Snow* v. *Booth*, 8 De G. M. & G. 72.

The second, third, and fourth causes of demurrer are, in substance, that the complainant is barred of his remedy by the statutes of limitations of two and seven years, passed for the protection of dead men's estates. The complainant's cause of action having originated in 1852, before the adoption of the Code, is governed by the preëxisting law. Code, § 47. The provisions of the Code in this regard are, however, substantially a reënactment of the old statutes. I have already held that these statutes would bar any legal proceedings against the administrator. And, as the heirs have a right

to rely upon the same defences to protect their inheritance, there can be no doubt that these statutes would bar any proceeding to subject the lands descended, based on the legal demand. But, as I have also held, this is a bill to enforce a lien on the land acquired by contract with the ancestor, not worked out through the personal representative, and to a suit on which he is not even a necessary party. The heir took the land by descent, subject to the lien. At law, the legal title was in the trustee, and all that descended was the equity of redemption of the ancestor. The limitations of two and seven years relate only to demands against the personal representative. Code, §§ 2784, 2786. They have no application to rights which inhere in the realty, and may be enforced against such realty directly, without reference to the personal representative or the personal assets. This will be very obvious if, instead of a bill by the *cestui que trust*, the trustee had brought ejectment, as he might have done, on his legal title, for the land. The only statute of limitations to the right in question is the statute passed to bar real actions, namely, the act of 1819, 28, brought into the Code, § 2763, *et seq*. This demurrer must also be overruled.

The demurrers do not, either of them, raise the point that the suit is barred by the limitations applicable to real actions, nor the point that the complainant is repelled by laches and the presumption of payment by the lapse of time. *Powell* v. *Godsall*, Finch, 77 ; *Haynes* v. *Swann*, 6 Heisk. 560 ; *Hammonds* v. *Hopkins*, 3 Yerg. 528. Upon these points, and especially the latter, I express no opinion.

NOTE.—It turned out that the judgment on the note in favor of John R. Wilson's executrix was recovered on the 4th of June, 1855, instead of 1865, as alleged in the bill. Upon this fact appearing, and the delay being unexplained, the presumption of payment arising from the lapse of time came into play, and the bill was dismissed with costs. *Atkinson* v. *Dance*, 9 Yerg. 424; *Gratwick* v. *Simpson*, 2 Atk. 144; *Giles* v. *Baremore*, 5 Johns. Ch. 545; *Roberts* v. *Welch*, 8 Ired. Eq. 287; *Brown* v. *Becknall*, 5 Jones Eq. 423.