.Hurley and Paul, Administrators, *vs.* James M. Murrell's Heirs and Creditors.

## April Term, 1876.

.Administration of insolvent estates—Limitation of actions—Judgment against personal representative.—A creditor who has recovered judgment against an administrator on a liability of the intestate, before the administrator has suggested the insolvency of the estate, may file his claim in the insolvent suit at any time before the funds of the estate are paid out.

*Clay Roberts,* for petitioner.
*J. M. Dickinson,* for administrators.

The Chancellor:—The question submitted to me is whether the claims of the petitioner, John Taylor, against the estate of complainants' intestate are barred by the statute of limitations. The facts as agreed upon are these: .James M. Murrell died on the 23d of December, 1872. On the 4th of January, 1873, the complainants were appointed and qualified as administrators of his estate. On the 13th of July, 1873, one J. W. Bush recovered a judgment, before a justice of the peace, against the complainants as administrators, and afterwards assigned it to the petitioner, Taylor. On the 17th of November, 1873, Taylor himself recovered another judgment against the complainants as administrators, before a justice of the peace. On the 19th of March, 1874, the complainants filed this bill against Murrell's heirs and creditors, suggesting the insolvency of his estate, and obtained an order requiring creditors to file their claims within a time prescribed. And on the 2d of November, 1875, after that date, Taylor came in by petition as a creditor to have his judgments allowed as just claims against the estate, and was made a party, and, upon reference to the master, the judgments were reported as just and proper claims, entitled to share in the assets of the estate. No division of the assets of the estate has yet been made among the creditors. The objection of the complainants as administrators is " that the said claims of Taylor were not filed and proved within the time prescribed by law

in the case of winding up estates, and they plead the statute of limitations of two years and six months."

The defence, therefore, is the statute of two years and six months. The six months within which the personal representative is exempt from suit are given by the Code, § 2760. The limitation of two years is prescribed by §§ 2279 and 2784. The first of these is worded thus : "The creditors of deceased persons, if they reside within this state, shall within two years, and if without, shall within three years, from the qualification of the executor or administrator, exhibit to them their accounts, debts, and claims, and bring suit for the recovery thereof, or be forever barred in law and equity." Section 2784 is : "Actions against the personal representatives of a deceased person shall be commenced by a resident of the state within two years, and by a non-resident within three years, after the qualification of the personal representative, if the cause of action accrued in the life-time of the deceased, or, otherwise, from the time the cause of action accrued."

Although the wording is different in these sections, it is obvious that the meaning is the same. The claims of citizens of this state, such as is the petitioner, Taylor, are barred unless suit is commenced on them against the personal representative within the time prescribed. But suits were commenced upon both of these claims, and judgments recovered against the personal representatives, within less than a year after their qualification, and before there was any suggestion of insolvency. It is obvious, therefore, that these claims are not barred by the statute of limitations. If barred at all, it is not by the limitations prescribed, but by some other provision of law. *Goodrich* v. *Edmundson*, Sup. Ct. Tenn., Nashville, March 22, 1876 ; *Lash* v. *Hauser*, 2 Ired. Eq. 489, 494.

The complainants' counsel seem to think that there is something in the law " in the case of winding up estates" —that is, where, by proceedings in the county court or in this court, an estate is being wound up as insolvent—that

requires claims to be filed and proved in the case thus pending within two years and six months, or three years and six months, as the case may be, from the qualification of the personal representative; otherwise, the same will be barred. But there is nothing in the provisions of the Code for the settlement of insolvent estates, either in the county or the chancery court, which gives countenance to such an idea. Neither court, it is obvious, could, by any order it might make, change the general statute of limitations; for that would be to allow the order or decree of a court to annul a positive act of the legislature. It has been held by our supreme court that all the provisions of law on the subject of insolvent estates, being parts of an entire system, are to be construed as one statute, and taken together. *Martin* v. *Blakemore*, 5 Heisk. 57. This is a general rule of construction of statutes in *pari materia*. When this is comprehensively done, it will be found that there is in reality no antagonism in the provisions. Whether the estate, upon suggestion of insolvency, be proceeded with in the county or the chancery courts, publication is required to be made for all persons interested to come forward and exhibit their demands. Code, §§ 2330, 2371. By § 2330 the publication in the county court is directed to fix the time within which the claims shall be filed, and that this is merely directory not only appears by comparing it with the corresponding § 2371, providing for publication in the chancery court, but from the closing words of the section itself, which are: "And any claim not filed on or before the day fixed, *or before an appropriation of the funds of the estate is made*, shall be forever barred, both in law and equity." The meaning is that, although a definite time is prescribed, that is only to enable the court the more speedily to divide the assets; but, if the claims are filed at any time before the funds are entirely appropriated, they shall receive their *pro rata*, if they are not barred by the general statute of limitations. *Akers* v. *West*, December term, 1872, at Nashville. Creditors must take care not to allow their right

of action to be barred by the statute of limitations, and to come in before the funds of the estate are entirely paid out. *Campbell* v. *Hancock*, 7 Humph. 76. These, and these only, are the limitations and restrictions imposed by statute upon the right to share in the funds, and the court, having jurisdiction of the administration, cannot change them by any order it may make. *Reid* v. *Huff*, 9 Humph. 345.

The Code does not prescribe any time within which claims which have been already fixed upon the estate by suit and judgment, so as to stop the bar of the statute, shall be filed in the insolvent suit, except that it shall be " before an appropriation of the funds of the estate is made." It is only by confounding two entirely different things—the suing upon claims to prevent the bar of the statute of limitations, and the filing of claims in the insolvent proceedings, —that any difficulty has grown up. The *suit* must, in all cases, unless delayed for a definite time under § 2280 and 2785, be brought within two years and six months, or three years and six months, as the creditor may be a resident or non-resident, from the taking out of letters of administration, whether the estate be solvent or insolvent. *Marley* v. *Cummings*, 5 Sneed, 479; *Rogers* v. *Rogers*, April term, 1871, Jackson. The filing of the claim, if not barred by the statute, may be made at any time before the funds are appropriated.

This distinction will be strikingly conspicuous by taking two extreme cases. If, for example, the personal representative suggest the insolvency of the estate on the very day he takes out letters of administration, the bringing suit and the filing of the claim in the insolvent proceedings would be identical; for the suggestion of insolvency enjoins the commencement of a suit in any other mode. But, suppose the administrator neglects to suggest the insolvency for two years and six months, then, if creditors are barred who do not file their claims within two years and six months from the taking out of letters of administration, every resident creditor would be barred, although suits may have been

commenced within the time prescribed, and judgments actually recovered on the claims. This *reductio ad absurdum* shows that the time prescribed within which to bring suit to prevent the bar of the statute is altogether different from the time within which claims are to be filed in the insolvent case. The suggestion of insolvency, as a matter of fact, is rarely ever made for months after the taking out of letters of administration. In this case it was not made until more than fourteen months thereafter, and after the recovery of the judgments in controversy. It is often made at a still later period. Shall the time for filing claims in the suit thus initiated be longer or shorter, according to the date of suggestion, or shall it be invariable, as fixed by § 2330—that is, so long as the claim is not barred by the statute of limitations, at any time " before an appropriation of the funds of the estate is made?" There can be but one answer to such an interrogatory by a court of chancery, whose fundamental maxim is that equality is equity.

There is nothing in *Martin* v. *Blakemore*, 5 Heisk. 50, in conflict with these views. The effort there was, by an insolvent bill filed in September, 1869, to transfer the administration of an estate to the chancery court, and charge it with two claims, one of $1,000, the other of $10,000; the first as having been adjudged in favor of the complainant, in 1868, in a suit commenced in the life-time of the intestate, the other as arising by reason of payments made on a joint decree, rendered at the same time, in the same cause, against complainant and defendant as personal representatives, for the acts of their intestates as co-administrators. But administration had been granted on the estate of defendant's intestate on the first Monday in July, 1859, ten years before, and the insolvency of the estate had been suggested in November, 1860. The Code, § 2332, is: " The suggestion of insolvency, and advertisement thereof, shall operate as an injunction in all cases against the bringing of any suit, before any jurisdiction whatever, against the administrator or executor of such insolvent case." The court held that

this provision, and the corresponding section ( § 2383), providing for the injunction of other suits upon an insolvent bill in chancery, prohibited the subsequent commencement of an action, so as to prevent the bar of the statute, except in the insolvent case, or by permission of the court given in that case. The claimant could not legally commence suit, either by original process or revivor, after the suggestion of insolvency, and, therefore, the only mode of preventing the bar of the statute was by filing the claim in the insolvent case within the period fixed by the statute of limitations. The court was also of opinion that the claim for $10,000 did not begin with the right to contribution growing out of the payment by complainant of the joint decree of 1868, in which view the statute would not have run (*Nashville Bank* v. *Campbell*, 7 Yerg. 353 ; *Marshall* v. *Hudson*, 9 Yerg. 57 ; and *Caplinger* v. *Vaden*, 5 Humph. 629), but accrued as soon as the act was committed by defendant's intestate for which the decree of 1868 was rendered. *Atkins* v. *Scarborough*, 9 Humph. 517. In this view, inasmuch as the claim had neither been filed in the insolvent case nor sued on until September, 1869, it was clearly barred. The claim for $1,000 was adjudged by the decree of 1868, in a suit commenced in the life-time of the defendant's intestate, but revived, doubtless, although the fact does not distinctly appear, after the suggestion of insolvency. For, in that event, the suggestion would have operated to enjoin the proceedings to revive under § 2332, whereas such proceedings previously commenced would not have been affected under § 2333, and the rulings in *Campbell* v. *Hancock*, 7 Humph. 75, and *Dance* v. *McGregor*, 5 Humph. 428, construing the same statutory provisions prior to the Code. And, at most, the decision now is that, since the Code, the proceedings in the original suit should be sanctioned by the permission of the court in the insolvent cause, or transferred to that cause, to prevent the bar of the statute. But this must, of course, be subject to the proviso that the insolvency has been suggested before

the suit is brought, or revived, and judgment recovered. For, otherwise, we should have the strange anomaly of a creditor being barred by the statute of limitations when he had done everything required by the statute to prevent the bar, and where, there being no proceedings in insolvency, he could not possibly do anything else.

I am of opinion, therefore, that the petitioner's (Taylor's) claims are not barred by the statute of limitations, and are entitled to share *pro rata* in the assets of the estate.

The conclusion thus reached, it may be added, is in strict accord with the principles regulating similar applications under creditor's and administration bills, and with the actual decisions in such cases. Though the time for disposing of the funds has elapsed, yet the court will let in creditors at any time while the fund is in court. *Lashley* v. *Hogg*, 11 Ves. 602; *Angell* v. *Haddon*, 1 Madd. 529; *Gillespie* v. *Alexander*, 3 Russ. 136; *Burchard* v. *Phillips*, 11 Paige, 70; *Brooks* v. *Gibbons*, 4 Paige, 379; *Shubrick* v. *Shubrick*, 3 McCart. 406; *Ex parte Hanks*, Dudley, 233; *Ex parte Nayler*, 11 Rich. Ch. 250; *Grinnell* v. *Merchants' Ins. Co.*, 1 C. E. Green, 283. And, if the fund has been paid out, the creditor may reclaim his proportion thereof from each of those who have received it. *Williams* v. *Gibbes*, 17 How. 239.