## MADISON STRATTON *vs.* PERRY & DUMONT.

### April Term, 1876.

BANKRUPT—JUDGMENT BETWEEN PETITION AND DISCHARGE.—A judgment is only a security of a higher nature for the same debt, and does not extinguish

the debt; and, therefore, a bankrupt, against whom a judgment has been recovered in the period between his application to be declared a bankrupt and his final discharge, is entitled to come into this court to have the benefit of the discharge as against the judgment.

*J. T. Brown*, for complainant.

*J. P. Helms*, for defendants.

THE CHANCELLOR:—On the 20th of May, 1872, Stratton filed a petition to be adjudged a bankrupt, and on the 21st of November, 1873, received his certificate of discharge. At the date of the filing of his petition the defendants had a bill pending against him in this court, and, on the 20th of June, 1873, they recovered a decree against him in the suit for about $500. This bill has been recently filed to have the benefit of the certificate in bar of the judgment.

The decisions are hopelessly in conflict on the very point raised by the pleadings. The case of *Monroe* v. *Upton*, 50 N. Y. 593, may be taken as a representative of the decisions in the affirmative, that the bankrupt is entitled to the relief sought, and the case of *Bradford* v. *Rice*, 102 Mass. 472, as the representative of the decisions in the negative. It will be found, upon examination, that the courts have taken the one side or the other of the issue, according to their view of the effect of the judgment. Those courts which hold that the certificate is of no avail, do so upon the ground that neither the debt nor the judgment is provable—the debt because merged in the judgment, and the judgment because not in existence at the filing of the petition in bankruptcy. The other decisions rest upon the idea that, although the instrument, contract, or obligation evidencing the debt may be extinguished by the judgment, the debt is not. The judgment is only a security of a higher nature for the same debt. The form and remedy are changed, while the debt, with all the equitable rights incident to it, such as those which attach to the time of its creation, or the consideration for it, remains. *Martin* v. *Blakemore*, 5 Heisk. 54.

The latter line of decisions, it seems to me, rest upon a

sounder basis of reason. There are two or three classes of cases which illustrate the subject, and cannot be reconciled with any other hypothesis. A judgment creditor may in equity set aside a voluntary conveyance made before the rendition of his judgment, if it be made after the creation of the debt on which the judgment was recovered. A vendor of land may recover judgment at law upon the note given for the purchase money, without losing the benefit of a lien reserved, or of his equity where he has made title without reservation. The judgment is, therefore, not a merger of the rights which appertain to the debt. *Johnson* v. *Fitzhugh*, 3 Barb. Ch. 372 ; *Clark* v. *Rowling*, 3 N. Y. 216. And, upon this ground, our supreme court expressly held, under the bankrupt act of 1841, that the bankrupt was entitled to the benefit of his discharge upon a state of facts identical with those now before us. *Dick* v. *Powell*, 2 Swan, 632.

The complainant is entitled to a perpetual injunction of the judgment. But, inasmuch as the recovery was occasioned by his neglect to apply for a stay of proceedings in the original suit pending the bankrupt proceedings, and his failure to rely upon his discharge afterwards, he must pay the costs of this cause, and the costs of the original cause after the adjudication in bankruptcy. *Graham* v. *Pierson*, 6 Hill, 247.