[Opinion delivered April 26, 1880.]

---

## H. H. DAHONEY v. ALLISON & MOORE.

(Case No. 3646.)

1. JURISDICTION — AMOUNT IN LITIGATION.— Where the demand sued for amounted to $466, and §200 consequent, additional and necessary damages was also claimed, the subject of litigation was within the jurisdiction of the district court.

2. LEVYING ATTACHMENT ON MORTGAGED PROPERTY.— A levy of an attachment may be made on mortgaged property, subject to the prior incumbrance of the mortgage, and upon the sale of the property under the mortgage, the attachment lien follows the surplus after satisfying the mortgage.

3. PLEADINGS.— Allegations that by the joint acts of a trustee, under a deed of trust upon property, and a constable having process in his hands against the mortgagor, the plaintiff has been prevented from obtaining satisfaction of his demand, show a cause of action against the trustee and constable, and a demurrer thereto was properly overruled.

APPEAL from Lamar. Tried below before the Hon. R. R. Gaines.

January 8, 1875, in justice precinct No. 1, in Lamar county (having jurisdiction), Allison & Moore brought suit against H. H. Dahoney and P. M. Spears, who was a constable, and his sureties, Jas. O. Walker and P. M. Price. The defendants recovered judgment, August, 1875, in the justice's court. The case was appealed to the district court, and there filed October 20, 1875. May, 1877, the cause was tried, resulting in judgment for plaintiffs against Dahoney, the other defendants recovering judgment and costs.

In the transcript what purports to be a statement of facts is not signed or approved by the district judge. It cannot, therefore, be considered as part of the record.

The assignments of error present several questions requiring a more full statement of the pleadings of the plaintiffs than we usually regard as necessary. The petition alleged that plaintiffs had, on May 15, 1875, recovered a judgment in the same court against F. F. Dodd for $466 and costs; that in the suit, on 8th January, 1875, an attachment had been issued, which was on the same day *levied* by the constable, Spears, on certain personal property (mill machinery) of said Dodd, the property being described; that the attachment lien created by said levy upon the property was duly foreclosed in the judgment aforesaid, and sale of the same ordered to satisfy the judgment; that the attachment was levied on said property subject to a deed of trust made therefor by said Dodd to H. H. Dahoney, trustee, to secure a debt therein described; that on April 6, 1875, the trustee, Dahoney, made a sale of said property under the trust to one Ward for $1,275 cash, all of which sum was paid to the trustee, and that, after satisfying the debt for which the trust was executed and all costs of sale, there remained in the hands of Dahoney $650, subject to plaintiffs' attachment lien, of which Dahoney had actual and constructive notice; that plaintiffs made demand on Dahoney, who fraudulently withholds the same; that the constable, Spears, wilfully and fraudulently permitted said property so levied on and taken possession of as aforesaid, which had not been replevied, to be taken from his possession and removed to some place unknown, without first subjecting the excess in the sale to the payment of the said judgment and plaintiffs' attachment lien.

That said Spears wrongfully failed and refused to take care of and account for said property levied on as aforesaid as the law requires, whereby he became liable, etc.

That the constable, Spears, and the trustee, Dahoney, combined together to fraudulently and forcibly violate the law and their duties for the purpose of depriving plaintiffs

of their rights, and to convert the proceeds of the sale of said property to purposes other than to the payment of plaintiffs' debt aforesaid against Dodd; that at Dahoney's sale Spears auctioned off the said property; that Dodd is wholly insolvent and has left the country, leaving no other property than that so levied upon and taken possession of as aforesaid.

That Dahoney and Spears have damaged plaintiffs by keeping them out of their said money and compelling them to institute other suits therefor, in the sum of $200 additional.

Judgment asked against Dahoney for the money, and in the alternative against Spears and his said sureties.

By amendment plaintiffs set out acts charged to be in fraud of the rights of plaintiffs in procuring, as one of a law firm, the attorneys of one Ward, the issuance and service on himself of a writ of garnishment long subsequent to the levy and lien of plaintiffs, so fixed upon said property; repeated the charge that Dahoney and Spears confederated together to practice a fraud upon plaintiffs, and to wrong them out of the said $650 in the hands of Dahoney of proceeds of the sale of said property on which plaintiffs had an attachment lien, and by reason of such wrong plaintiffs have been necessarily compelled to bring other suits, etc.

Dahoney demurred; specially excepted because the petition joined two separate and distinct causes of action which have no connection with each other, and that he is improperly joined with Spears and his sureties; general denial and special defenses.

May 15, 1877, the demurrer to the petition was overruled. The cause was submitted to the court and judgment rendered for plaintiffs against Dahoney for $569.22, and ten per cent. interest, and costs in the district court; against plaintiffs in favor of Spears and his sureties for costs, and that plaintiffs pay all costs of suit in the justice court.

Dahoney moved in arrest of judgment:

1. For misjoinder as to Spears and his sureties.

2. Want of jurisdiction of district court; the amount being within the jurisdiction of the county court.

3. For matters appearing in the evidence and not necessary to be set out.

The motion was overruled and Dahoney appealed, assigning errors:

1. Error in overruling the demurrer of defendant.

2. Error in not sustaining the plea of misjoinder.

3. Want of jurisdiction of the district court, by reason of the amount in controversy being only $466, and overruling the motion in arrest of judgment. The other errors cannot be considered for want of a statement of facts duly certified.

*E. L. Dahoney*, for appellant.

*Hale & Scott* and *B. J. Baldwin, Jr.*, for appellees.

A. S. WALKER, J.—The demurrer puts in question the right of plaintiffs to satisfaction of their judgment out of the excess of moneys received by the trustee on his sale under the prior lien, and whether defendant is shown to be liable in the action.

The right to levy an execution or attachment upon mortgaged property is recognized by our courts. Gillian *v*. Henderson, 12 Tex., 47; Wooten *v*. Wheeler, 22 Tex., 338; Belt *v*. Raguet, 27 Tex., 482; Sayles' Treat., § 566.

The levy was made subject to the prior incumbrance by the trust deed, and did not in fact prevent the sale by the trustee.

Upon the sale, the surplus, after the satisfaction of the mortgage and the attachment lien, followed the funds. Merkley *v*. Langley, 2 Otto, 142; Olcott *v*. Bynam, 17 Wall., 63; Purdy *v*. Doyle, 1 Paige, 557; Burchard *v*. Philips, 11 Paige, 70.

The property, as alleged, was left in the possession of the constable, who subsequently was present at and assisted in the trust sale, on which was realized an excess, subject to the attachment lien.

The rights of plaintiffs in this fund were denied. The petition alleges joint acts of the trustee, Dahoney, and of the constable, Spears, in preventing plaintiffs from obtaining such

satisfaction; the acts of Spears being also a breach of official duty for which his sureties were bound.

There was therefore alleged a right, its invasion by the joint and wrongful acts of the defendants, and consequent additional and necessary damages. These allegations show a cause of action against appellant, and the demurrer was properly overruled.

2. The plea of misjoinder does not appear to have been called to the attention of the court below save in the motion in arrest of judgment. This motion required an inspection of the record to see if it was so defective as not to support the judgment as rendered. Dennison v. League, 16 Tex., 405.

The judgment having been rendered against plaintiffs for all costs incurred by the suit as against Spears and his sureties, and the litigation thus ending without injury as to Dahoney, the sole question was as on general demurrer and as against Dahoney. The decision of the general demurrer is decisive of the motion in arrest as urged.

3. The case was by appeal in the district court before the adoption of the constitution of 1876. It was retained in the district court, while the actual recovery was upon a claim, when suit was brought, of less than $500; yet there was a claim for $200 additional as damages, the natural result of the alleged wrongful acts of the defendants. This claim was part of the matter in controversy, and increased the subject of litigation to an amount within the jurisdiction of the district court.

The other matters assigned, and which are discussed in the briefs of the parties, are applicable to matters that can only be presented upon a statement of facts. The merits of the defense are not before us in the condition of the record.

The matters discussed are not grounds for reversal, and the judgment should be affirmed.

AFFIRMED.